Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 818-619-3774
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVE VACCARO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN E. THOMAS COMPANY, INC. d/b/a GLENN E. THOMAS CHRYSLER JEEP, and DOES 1-10 Inclusive,<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

1. DAVE VACCARO ("Plaintiff") brings this Class Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GLENN E. THOMAS COMPANY, INC. d/b/a GLENN E. THOMAS CHRYSLER JEEP ("Defendant") in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> Id. at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## **JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction over Plaintiff's TCPA claim because this cause of action arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California and Plaintiff resides within the County of Los Angeles, State of California.

**PARTIES**

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a California corporation operating a Dodge, Chrysler, and Jeep dealership in Signal Hill, California. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10). Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

**FACTUAL ALLEGATIONS**

9. In or around June 2025, Plaintiff contacted Defendant's dealership to inquire about purchasing a Jeep Wrangler. Plaintiff spoke briefly with a salesperson but did not reach any agreement and did not consent to receive further communications.

10. Shortly after this inquiry, Defendant began sending unsolicited automated text messages to Plaintiff's personal cellular telephone promoting Jeep vehicles.

11. Plaintiff attempted multiple times to opt out of the text messages by replying with standard unsubscribe commands such as "STOP," but Defendant's

system failed to recognize or honor those requests, and Plaintiff received no confirmation of his opt-out attempts.

12. Despite these attempts to revoke any consent, Defendant began placing unsolicited telephone calls to Plaintiff's cellular phone for the purpose of soliciting the sale of Jeep vehicles.

13. On one occasion, Defendant's employee "Tony" left a voicemail stating he was calling from Glenn Thomas Dodge Chrysler Jeep to follow up about a Jeep Wrangler and invited Plaintiff to call back.

14. Shortly thereafter, another employee, "Ricky," left a voicemail explicitly acknowledging receipt of Plaintiff's text messages and stated, "I don't know if you're trying to opt out on the text, or you're trying to opt out of inquiring," yet proceeded to continue the sales pitch about a "6-speed manual Willys" Jeep Wrangler.

15. After that voicemail, Plaintiff received at least two additional voicemails from Tony, each promoting Jeep vehicles and referencing Plaintiff's personal situation ("waiting for insurance to settle up with you on a few things with your old vehicle").

16. In total, Plaintiff received four unsolicited voicemails from Defendant's sales staff over approximately two weeks in June 2025. These calls occurred after Plaintiff attempted to opt out of all further communications.

17. Defendant placed multiple telephone calls to Plaintiff's cellular telephone, many of which resulted in voicemail messages promoting Defendant's products and services

18. Defendant's voicemails were placed to a number assigned to a cellular telephone service for which Plaintiff incurs charges. These calls were not made for emergency purposes.

19. These unwanted calls and messages invaded Plaintiff's privacy, disturbed his peace, and caused annoyance, aggravation, and emotional distress associated with being repeatedly contacted after revocation of consent.

20. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

21. Defendant has violated the TCPA in multiple ways, including but not limited to:

a. Restricted use of Automated Telephone equipment to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(1)(A)(iii)).

22. As a result of the above violations of the TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed Class (hereafter, "The Class").

24. Plaintiff represents, and Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows:

All persons within the United States who requested that Defendant stop texting or calling them, and who, after requesting Defendant stop

contacting them, received more than one call or message by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

25. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This action seeks only statutory damages and injunctive relief for economic injury on behalf of the Class. It is not intended to pursue any claim for personal injury or emotional distress. Plaintiff reserves the right to amend the Class definition or seek additional subclasses as warranted based on discovery and further investigation.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

28. Plaintiff and members of the Internal DNC Class were harmed by Defendant's conduct in at least the following ways: Defendant violated 47 C.F.R. § 64.1200(d) by failing to honor Plaintiff's request to stop receiving calls or messages and by continuing to contact Plaintiff and similarly situated individuals for telemarketing purposes, thereby invading their privacy and violating their statutory rights under the Telephone Consumer Protection Act ("TCPA").

29. There exists a well-defined community of interest in the questions of law and fact affecting the Class. These common questions of law and fact predominate over questions affecting only individual Class members and include:

a) Whether Defendant, within the four years prior to the filing of this Complaint through the date of class certification, placed more than

one telemarketing call or message to individuals who had previously requested not to be contacted;

b) Whether Defendant maintained internal do-not-call procedures and policies as required by 47 C.F.R. § 64.1200(d);

c) Whether Defendant's actions violated the TCPA and related FCC regulations;

d) Whether Plaintiff and Class members are entitled to statutory damages and injunctive relief for Defendant's violations; and

e) Whether Defendant should be enjoined from making further telemarketing calls or messages to consumers who have requested not to be contacted.

30. Plaintiff's claims are typical of the claims of the Internal DNC Class because Plaintiff, like other Class members, requested that Defendant cease contacting him but continued to receive multiple unsolicited telemarketing calls and messages promoting Defendant's services. Plaintiff will fairly and adequately represent and protect the interests of the Class, as he has no interests antagonistic to those of the Class.

31. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce

Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
## ON BEHALF OF THE INTERNAL DNC CLASS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

38. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C. § 227(C)**
**ON BEHALF OF THE INTERNAL DNC CLASS**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

42. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of The Classes, the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)**

a) As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each Internal DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
b) Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
c) Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)**

a) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each Internal DNC

Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

b) Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

c) Any other relief the Court may deem just and proper.

## TRIAL BY JURY

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 14th day of October, 2025.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff